UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No.   19-CR-174

LISA A. RADTKE,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United States Attorney, and the defendant, Lisa A. Radtke, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant will be charged in both counts of a two-count information, filed in conjunction with this plea agreement. The information charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One), and tax evasion, in violation of Title 26, United States Code, Section 7201 (Count Two).

3.      The defendant has read and fully understands the charges contained in the information. She fully understands the nature and elements of the crimes with which she has been charged, and those charges and the terms and conditions of this plea agreement have been fully explained to her by her attorney.

4.     The defendant voluntarily agrees to waive prosecution by indictment in open court and to plead guilty to both charges contained in the information.

5.     The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offenses charged in the information, a copy of which is attached to this plea agreement as Attachment A. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts set forth in Attachment B to this plea agreement beyond a reasonable doubt. The defendant admits that the facts set forth in Attachment B are true and correct and establish her guilt beyond a reasonable doubt.

This information set forth in Attachment B is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6.     The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Count One, twenty (20) years and $250,000; and Count Two, five (5) years and $250,000. Each count also carries a mandatory special assessment of $100, and a maximum of three years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraphs 29 - 39 of this agreement.

7.     The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes as well as the applicable sentencing guidelines with her attorney.

2

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of wire fraud, as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant knowingly devised the scheme to defraud or to obtain money by means of material false pretenses or representations, as described in Count One of the information; and

> Second, that the defendant did so with the intent to defraud; and

> Third, that the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

> Fourth, that for the purpose of carrying out the scheme, or attempting to do so, the defendant caused interstate wire communication to take place in the manner charged.

9.      The parties understand and agree that in order to sustain the charge of tax evasion, as set forth in Cunt Two, the government must prove each of the following propositions beyond a reasonable doubt:

> First, on April 15, of the year following the tax year, federal income tax was due and owing by the defendant; and

> Second, the defendant knew she had a legal duty to pay the tax; and

> Third, the defendant did some affirmative act to evade payment, assessment, or computation of the tax; and

> Fourth, in doing so, the defendant acted willfully, that is, with the intent to violate his legal duty to pay the tax.

## SENTENCING PROVISIONS

10.      The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days

3

before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

4

## Relevant Conduct

14.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

15.     For purposes of determining the defendant's offense level under the sentencing guidelines, the parties acknowledge that, based upon the information presently available, the government is able to establish that the loss amount associated with the defendant's criminal conduct charged in Count One of the information is approximately $1.3 million.  Further, based upon the information presently available, the tax loss associated with the defendant's criminal conduct charged in Count Two is approximately $362,000.  The parties acknowledge and understand that the amount of loss may differ from the amount of restitution imposed by the sentencing court.

## Base Offense Level

16.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 7 under Sentencing Guidelines Manual § 2B1.1(a)(1) and that the applicable base offense level for the offense charged in Count Two is 18 under Sentencing Guidelines Manual §§ 2T1.1(a)(1) and 2T4.1(G).

## Specific Offense Characteristics

17.     The parties agree to recommend to the sentencing court that the defendant's base offense level for the offense charged in Count One should be increased 14 levels under Sentencing Guidelines Manual § 2B1.1(b)(1)(H) because the loss amount associated with the defendant's criminal conduct is more than $550,000 but less than $1,500,000.

5

18.     The parties agree to recommend to the sentencing court that the defendant's offense level for the offense charged in Count One should be increased 2 levels under Sentencing Guidelines Manual § 3B1.3 because the defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense.

19.     The parties agree to recommend to the sentencing court that the defendant's offense level for the offense charged in Count Two should be increased 2 levels under Sentencing Guidelines Manual § 2T1.1(b)(1) because the defendant failed to report income exceeding $10,000 in any year from criminal activity (her fraud charged in Count One).

## Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.  In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of her intention to enter a plea of guilty.

## Sentencing Recommendations

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

6

23.     The government agrees to recommend a sentence no greater than the bottom of the applicable sentencing guideline range, as determined by the court.

### Court's Determinations at Sentencing

24.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement.  The United States Probation Office will make its own recommendations to the sentencing court.  The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above.  The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw her guilty pleas solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

26.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.  The defendant agrees not to request any delay or stay in payment of any and all financial obligations.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

27.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and

7

sworn financial statement on a form provided by FLU and any documentation required by the form.

**Special Assessment**

28.     The defendant agrees to pay the special assessments in the amount of $200 prior to or at the time of sentencing.

**Restitution**

29.     The defendant agrees to pay full restitution to her former employer, identified herein as Company A, for the money she obtained as the result of her scheme to defraud charged in Count One, which is currently estimated to be $1.3 million. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

30.     The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to the Internal Revenue Service in the amount of $633,920, which includes fraud penalties, for the taxes she underreported and underpaid for the years 2014-2018. This amount does not include any interest applicable to such unpaid taxes.

31.     The total amount of restitution consists of the following:

| Tax year | Amount to be credited to tax | Fraud penalties |
|:---:|:---:|:---:|
| 2014 | $38,358 | $28,768.50 |
| 2015 | $74,426 | $55,819.50 |
| 2016 | $80,206 | $60,154.50 |
| 2017 | $107,598 | $80,698.50 |

8

| Tax year | Amount to be credited to tax | Fraud penalties |
|---|---|---|
| 2018 | $61,652 | $46,239 |
| **Total** | **$362,240** | **$271,680** |

32.     The defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and penalties that she agrees to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

33.     The parties understand that defendant will receive proper credit, consistent with paragraph 31 above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

34.     The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the periods covered by this agreement or any other period.

35.     The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

Clerk of Court
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 362
Milwaukee, WI 53202

9

36.     With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

    a.   The defendant's name and Social Security number;

    b.   The District Court docket number assigned to this case;

    c.   Tax years for which restitution has been ordered; and

    d.   A statement that the payment is being submitted pursuant to the District Court's restitution order.

37.     The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the appropriate office of the Internal Revenue Service.

38.     The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn:  Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

39.     The defendant understands that she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

10

## DEFENDANT'S WAIVER OF RIGHTS

40.     In entering this agreement, the defendant acknowledges and understands that in so doing she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

    a.  If the defendant persisted in a plea of not guilty to the charges against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

    d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.  At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

41.     The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The

11

defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offenses to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

42. The defendant acknowledges and understands that she will be adjudicated guilty of the offenses to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

43. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

**Further Civil or Administrative Action**

44. The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

12

## GENERAL MATTERS

45.    The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

46.    The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

47.    The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

48.    The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### Further Action by Internal Revenue Service

49.    Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

50.    The defendant agrees to transmit her original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant. The defendant agrees to

13

provide any additional books and records of his which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

51.    The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

### VOLUNTARINESS OF DEFENDANT'S PLEA

52.    The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 9/27/2019

_____
LISA A. RADTKE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 9/27/19

_____
Attorney for Defendant

For the United States of America:

Date: 10/1/19

_____
MATTHEW D. KRUEGER
United States Attorney

Date: 9/30/2019

_____
MATTHEW L. JACOBS
Assistant United States Attorney

15